IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY ALTAMIRANO SERMENO,  Plaintiff,  v.  ERICK FUCHS, et al.,  Defendants. | No. 2:23-CV-2624-TLN-DMC  ORDER |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's first amended complaint, ECF No. 3.

The Court is required to screen complaints brought by litigants who, as here, have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the Court determines that it lacks subject matter jurisdiction. Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

/ / /

/ / /

# I. PLAINTIFF'S ALLEGATIONS

In the first amended complaint[1], Plaintiff names ten defendants, including Officer Fuchs, Chief of Police Aldridge, Butte County District Attorney Ramsey, Sergeant Durfee, Chico Police Department, Chico City Council, and a number of DOE Chico Police Officers and Deputy District Attorneys. See ECF No. 3, pg. 2-6.  The complaint alleges reckless investigation in violation of Plaintiff's rights to due process, to be provided with all exculpatory evidence, and to equal protection. See id. at 9-11.  Plaintiff asserts that Defendant Fuchs did not have sufficient cause to arrest Plaintiff because Defendant did not pursue leads based on what Plaintiff said at the time of arrest. See id. Plaintiff claims Defendant Fuchs did this because of Plaintiff's race. See id. Plaintiff brings another claim against Defendant Fuchs for racially motivated "false/wrongful arrest, false imprisonment, malicious prosecution, the deliberate fabrication of evidence after deliberation with the other officers, and selective arrest and prosecution." Id. at 15-16.

Plaintiff next asserts a claim against the other officers, DOE Defendants, who were present at the time of Plaintiff's arrest for aiding and "refus[ing] to do anything" to stop Defendant Fuchs unlawful actions "because of Plaintiff's race." Id. at 16-18. Plaintiff states a non-black person "who is similarly situated would have been aided by other officers, had a supervisor present, and would have ultimately not been arrested." Id. at 18. Additionally, Plaintiff brings a claim of retaliation, asserting that Defendants' decision to charge was retaliation for Plaintiff's attempt to enforce his own rights. See id. at 15.

Plaintiff brings a claim against Defendant Ramsey, the Butte County District Attorney, in his capacity as the "policymaking official who is responsible for the creation, change, deletion, and implementation" of the District Attorney's "policy, practice, and procedures." Id. at 19. Plaintiff states that the training program Defendant Ramsey implemented is unconstitutional because it allows for "racial discrimination in determining probable cause and charging/prosecuting Plaintiff as a Black/African American, similarly situated to non-Black/African-American." Id. at 20.

---

[1] The first amended complaint was filed as of right prior to the Court addressing the original complaint.

2

Plaintiff's next claim is that the District Attorneys office conspired with Defendant Fuchs to charge Plaintiff despite there being exculpatory evidence. See id. at 13. Plaintiff asserts that the prosecutors committed "a pattern of Brady violations" and "fabricat[ed] evidence in furtherance of a conspiracy to aid and abett (sic) . . . officers depriving the liberty of plaintiff because of him being a Black/African-American citizen." Id. at 20-21. To support this claim, Plaintiff asserts that before formal charges were filed, there was "enough evidence with the report of police and body-cam that plaintiff was innocent." Id. at 22. At the time of arrest, Plaintiff told officers a man gave him the keys to the vehicle, which could be seen on the Oasis Bar video security system. See id.  Plaintiff states that the Defendants "failed to preserve the video footage in bad faith, and intentionally allowed it to be destroyed/deleted after the Oasis Bar owner told them that it had to be obtained within seven days." Id. at 23. Plaintiff supports this claim of bad faith by stating that "Defendant prosecutors intentionally waited the seven days for the video to be deleted." Id. at 29. Plaintiff alleges that a similarly situated non-Black Plaintiff would not have been subject to this failure to "satisfy discovery and Brady obligations." Id. at 23. Plaintiff also relies on these facts to support a claim that plaintiff's right to access the court and "right to petition for a writ of habeas corpus" is "indefinitely suspended." Id. at 50-51.

In addition, Plaintiff alleges that Defendant Ramsey "has a training policy enforced on deputy prosecutors that causes constitutional violations." Id. at 41.  Plaintiff connects this claim to the prior claim against Defendant Ramsey by stating that "Defendant prosecutors, in accordance with the training program, were allowed to charge, and continue to prosecute plaintiff based on race and without probable cause." Id. at 32. Plaintiff then discusses the merits of the charges against him, which are not for this court to consider. See id. at 36-41.

Plaintiff describes how pre-trial supervision, which requires Plaintiff to be in a residential treatment facility, hinders Plaintiff's access to courts. Id. at 56. The treatment facility restricts access to the internet without prior approval and is generally afforded access only two-hours per week. Id. This limited internet access restricts Plaintiff "from meaningful court access to conduct through legal research, drafting of documents, and make copies" and therefore, Plaintiff should be appointed counsel. Id. at 57. In support of this claim, Plaintiff attached two

1  letters from the residential treatment facility which show Plaintiff is a client at those facilities and
2  access to the internet "is not a guarantee" for clients. Id. at 78-79.
3        Plaintiff then makes a claim against the supervisors of the Chico Police
4  Department for "failing to protect and neglecting to prevent present and ongoing issues" with the
5  citizen complaint review process. Id. at 43. Plaintiff explains that he submitted a complaint
6  around September 29, 2023, but the process is causing "unnecessary delay." Id. at 44. Plaintiff
7  alleges that the review process is purposely delayed by the Chico Police supervisors, despite there
8  being sufficient evidence and information to make a determination, in order to "further[] the
9  conspiracy" against Plaintiff. Id. at 45.
10       Plaintiff then brings a claim against Chico City Counsel for failing "to create
11 procedure that aligns with state and federal constitutional and statutory principals." Id. at 59.
12 Plaintiff asserts that the actions of all defendants "continues to violate plaintiff's state and federal
13 rights to habeas corpus, access to the court, due process, equal protection Sixth Amendment right
14 against discrimination based on race or ethnicity, and fundamental fairness." Id. at 59-60.
15       Plaintiff also seeks a preliminary injunction. See id. at 63. In support of this
16 request, Plaintiff asserts that there is a high likelihood of success on the merits, Plaintiff suffered
17 irreparable harm, such harm is continuous, and the courts are the only "recourse" to remedy such
18 violations. Id. at 55. Plaintiff asserts there is a public interest in an injunction, stating that in
19 addition to Plaintiff continuing to suffer from violations of his rights, the public, "specifically
20 Black/African-Americans, are at risk of harm in having their rights violated." Id. at 60.
21       Plaintiff next alleges that the existing citizen complaint review process violates
22 due process and restricts Plaintiff's access to the courts. See id. at 73-74. Plaintiff asserts that
23 mandating exhaustion would deny his right to access courts, Equal Protection, and Due Process
24 because he "was not made aware of how long the preview process could or would take." Id.
25 Additionally, Plaintiff asserts that "the review process is ineffective because the department has
26 no judicial authority to declare policy or statute unconstitutional" and therefore, the process is
27 "futile" Id. at 67-68. Plaintiff then claims the review process subjects Plaintiff to retaliation
28 because the complaints against Defendants would go directly to the Defendants themselves. See

id. at 69-70. Further, Plaintiff alleges "there is no interest in deciding/resolving" the complaint "in Plaintiff's favor" because doing so would expose the Chico Police to liability and money damages. Id. at 71. Finally, Plaintiff states that the review process is "preempted by federal law" based on Article III jurisdiction. Id.

## II.  DISCUSSION

As a threshold matter, this Court must consider whether it has jurisdiction over Plaintiff's case.  Here, as discussed below, it appears that Plaintiff's claims may be barred, either under Heck v. Humphrey or under Younger v. Harris.

### A.    *Heck* Bar

Where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the plaintiff's underlying conviction or sentence, such a claim is not cognizable unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor).

Here, the amended complaint does not contain sufficient facts to allow the Court to determine whether Heck is applicable.  If the criminal proceedings referenced in the amended complaint resulted in Plaintiff's conviction, this action would be barred under Heck because success on the merits of Plaintiff's constitutional claims of lack of probable cause, violations of due process, etc., would necessarily imply the invalidity of that conviction.  It is unclear, however, whether Plaintiff has been convicted of the charge addressed in the complaint. If Plaintiff has yet to be convicted, Heck would not be applicable as it does not apply prior to conviction. The Court will provide Plaintiff an opportunity to amend to clarify the underlying facts.

///

///

### B. *Younger* Abstention

Assuming there is a pending state court criminal charge against Plaintiff, but not yet a conviction, the undersigned must consider whether this action should be stayed or dismissed under the abstention doctrine established in Younger v. Harris, 401 U.S. 37 (1971).[2] Younger abstention is concerned with overlapping principles of equity, comity, and federalism and directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state or local court proceedings in certain situations. See Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018); Gilbertson v. Albright, 381 F.3d 965, 973 (9th Cir. 2004). Younger established that federal courts must refrain from enjoining or interfering with a parallel, pending criminal proceeding in state court. See Younger, 401 U.S. at 49-53.

Absent exceptional circumstances, district courts do not have discretion to avoid Younger abstention if the elements exist in a particular case. See Green v. City of Tucson, 255 F.3d 1086, 1093 (9th Cir.2001) (en banc), overruled on other grounds by Gilbertson, 381 F.3d 965. The recognized exceptional circumstances are limited to a showing of "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982)). While district courts do not have discretion to avoid Younger abstention, the undersigned must decide the appropriate remedy – staying the action or dismissal. Younger abstention applies differently to claims for monetary damages and claims for injunctive and declaratory relief. Where injunctive and declaratory relief are sought, a dismissal of those claims is appropriate. Gilbertson, 381 F.3d at 981. But where monetary damages are sought, the federal court should stay, rather than dismiss those claims, until after the state court proceedings are no longer pending. Id. at 981-82.

As noted above, the amended complaint is unclear about whether Plaintiff has been convicted or not and Plaintiff will have the opportunity to amend the complaint to clarify this. Assuming there is an ongoing criminal proceeding against Plaintiff, Younger abstention applies. Plaintiff alleges that police officers and prosecutors violated his right to due process by not properly

---

[2] A court can raise Younger abstention *sua sponte*. See San Remo Hotel v. City and Cty. of San Francisco, 145 F.3d 1095, 1103 n.5 (9th Cir. 1998).

investigating the allegations against Plaintiff before charging him. Plaintiff also asserts that his right to equal protection was violated by officers and prosecutors conspiring to charge Plaintiff based on his race. Finally, Plaintiff alleges the administrative citizen complaint process and the terms of his residential treatment facility unlawfully restrict Plaintiff's ability to access courts. Based on these vague and conclusory allegations, Plaintiff has not demonstrated a factually supported theory that Defendants have acted in bad faith, engaged in harassment, or involved some other extraordinary circumstance that would make abstention inappropriate in the ongoing state proceedings.

### III.  CONCLUSION

Because it is possible that certain deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's first amended complaint, ECF No. 3, is dismissed with leave to amend.

2. Plaintiff shall file a second amended complaint within 30 days of the date of this order.

Dated: October 31, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE